**Luzvin Osmin DE LEON DE LEON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73458.
Agency No. A72–142–371.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Zachary Miller Nightingale, Van Der Hout, et al, LLP, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Francis W. Fraser, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

## MEMORANDUM**

Luzvin Osmin De Leon De Leon, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings, in which he applied for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), we grant the petition for review and remand for further proceedings.

■ The BIA rested its determination that De Leon De Leon's case does not merit reopening on three grounds. That "none of the attached evidence pertains specifically to" De Leon De Leon does not preclude him from establishing a well-founded fear of persecution. *See, e.g., Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991). Moreover, De Leon De Leon's "fail[ure] to establish that if a threat from the guerillas indeed exists, that the threat is countrywide" does not justify the denial of reopening. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir.2003) ("An applicant need not demonstrate a country-wide threat of persecution in order to qualify for asylum."); 8 C.F.R. § 208.13(b)(2)(ii).

■ The BIA's third ground, that De Leon De Leon "has failed to establish a nexus between his father-in-law's murder and the respondent's experiences with the guerillas" given that he met and married his wife after coming to the United States, is insufficient to support the determination that De Leon De Leon did not establish a prima facie case for asylum. The BIA's unelaborated analysis does not address all the evidence submitted by De Leon De Leon concerning his wife's family members, or rule out a reasonable likelihood that he can establish a well-founded fear of persecution based on a protected ground, particularly in light of our decision in *Thomas v. Gonzales*, 409 F.3d 1177 (9th Cir.2005) (en banc).

"We have held that the BIA must issue a decision that fully explains the reasons for denying a motion to reopen.... [T]he BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner." *Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir.2005); *see also Stoyanov v. INS*, 172 F.3d 731, 736 (9th Cir.1999) ("[T]he BIA must provide a reasoned analysis of the legal basis for its holding, specifying as well the particular facts on which that holding relies."). The BIA's decision in this case does not meet these standards. We therefore remand this matter for reconsideration of De Leon De Leon's motion to reopen. *See Stoyanov*, 172 F.3d at 735–36. We note that De Leon De Leon is not required to show that he "would face persecution by the guerillas if returned to Guatemala," as stated by the BIA, but rather "a reasonable likelihood that the statutory requirements for relief have been satisfied." *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003) (quoting *In re S–V–*, 22 I. & N. Dec. 1306, 2000 WL 562836 (BIA 2000) (en banc)); *see also Al–*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (for asylum eligibility "even a ten percent chance of persecution may establish a well-founded fear").

**PETITION FOR REVIEW GRANTED; REMANDED.**